# AFFIDAVIT

09-1457 TMD
09-1458 TMD
09-1459 TMD

## I. PRELIMINARY INFORMATION

1. I, Maya Clark, Special Agent, United States Department of State Office of Inspector General, being duly sworn, depose and state the following:

2. I am a Federal Agent, authorized to investigate violations of the laws of the United States, and I am a law enforcement officer with authority to execute arrest and search warrants issued under the authority of the United States.

3. I am a Special Agent employed by the United States Department of State (the "Department") Office of the Inspector General, Office of Investigations, located in Rosslyn, Virginia. I have been employed as a Special Agent with the Department for six years. I am also a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia, where I attended Criminal Investigator training and Inspector General training as well as received additional training in visa and passport fraud. I have conducted numerous investigations of various types involving the enforcement of Federal, state, and local laws to include: false claims, theft of Government property/funds, embezzlement, contract fraud, employee misconduct, visa and passport fraud, and conflict of interest.

4. This affidavit contains information necessary to support a finding of probable cause for the issuance of criminal complaints and search warrants. This affidavit is based on my personal knowledge, knowledge obtained during my participation in this investigation, knowledge obtained from other individuals including other law enforcement personnel, review of documents related to the investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through training and

MC 4/24/09
TMD

1

experience. I am investigating this case jointly with Special Agents from the U.S. Department of Labor ("DOL") and the U.S. Department of Homeland Security. This affidavit is not intended to include each and every fact and matter known by me or known by the government.

5. This Affidavit is respectfully submitted in support of applications for the issuance of the following:

    (a) search warrants for 7515 Annapolis Road, Suite 402 and 404, Hyattsville, Maryland 20784 (the "properties");

    (b) criminal complaints for Kodilinye Ogonna Ojukwu and Nandang Ladep Gwamzhi.

6. The facts and circumstances set forth below in this Affidavit demonstrate that there is probable cause to believe that there is presently contained within the properties records, files, correspondence, memoranda, computers, computer disks, bank and other financial records, data, and other materials that constitute evidence of, the fruits of, or instrumentalities of criminal violations of, among other statutes, Title 18 United States Code (U.S.C.) §1324(a)(1)(A)(iv) (encouraging unlawful residence), 18 U.S.C.§ 2 (aiding and abetting), 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 1001 (false statements), 18 U.S.C. § 1546(a) (visa fraud) and 18 U.S.C. § 1341 (wire fraud).

7. The facts and circumstances set forth below in this Affidavit demonstrate that there is probable cause to believe that OJUKWU and GWAMZHI have violated the federal criminal laws, including but not limited to, 18 U.S.C. § 1546(a) (visa fraud).

## II. THE PERMANENT EMPLOYMENT-BASED VISA PROCESS

8. Section 212 (a)(14) of the Immigration and Nationality Act provides that certain aliens

may obtain a visa for entrance into the United States in order to engage in permanent employment and residency if the United States Secretary of Labor has first certified that:

    a.     There are not sufficient United States workers who are able, willing, qualified and available for employment, and;

    b.     The employment of the alien will not adversely affect the wages and working conditions of United States workers similarly employed.

9.     The Secretary of Labor's certification in this regard is called a "Labor Certification." Labor certifications are granted and denied by certifying officers in the national and regional offices of the DOL.

10.     The Labor Certification process is begun by filing an "Application for Permanent Employment Certification" (the "Application"). The Application must be signed by the alien, the prospective employer, and/or the preparer of the Application after the application is certified by DOL.

11.     The items to be completed on the Application include: (1) name, address, Federal Employer Identification Number (EIN), and contact information for the employer; (2) name, address and contact information for the agent and/or attorney completing the document; (3) the occupation title, prevailing wage rate and job opportunity information, including where the work will be performed; (4) the name, address, date of birth, qualification and work experience of the prospective alien applicant; and recruitment information for the job.

12.     As discussed above, employers and aliens may have agents, attorneys or representatives apply for Labor Certifications on their behalf. Each agent or attorney who represents an alien, or employer, must file a Notice of Entry of Appearance as Attorney or Representative (Form G-28).

When a Form G-28 is executed, the government usually corresponds only with the identified agent, attorney or representative.

13. Upon receiving an Application, the DOL reviews the Application and, if all of the indicated information is in proper order, certifies the Application. Once the Application is certified by DOL, the employer files an Immigrant Petition for Alien Worker (Form I-140) (a "visa petition") with the United States Citizenship and Immigration Service ("USCIS"). The certified labor certification is submitted to USCIS along with the visa petition.

14. If USCIS approves the visa petition, the alien could then apply to USCIS for permanent resident alien status.

### III. ACTIONS OF OJUKWU AND GWAMZHI

15. ~~E.C.~~ *Tushinde Clinton Cooper* and OJUKWU are the owners of an agency called "Immanuel Chambers, Inc.," located at 7515 Annapolis Road, Suite 404 and Suite 402, Hyattsville, Maryland 20784. This firm is also known as "Cooper International" and the "International Organization for Humanitarian Services." GWAMZHI is an employee of this company.

*TMO 4/24/09*
*MC 4/24/09*

16. In or around 2005, and continuing until February 2009, OJUKWU, GWAMZHI and others knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud and obtain money by filing fraudulent employment-based visa applications on behalf of foreign nationals containing materially false information. Several dozen labor certifications submitted to DOL by OJUKWU and/or GWAMZHI contained the following material false statements and material misrepresentations:

    a. false alien dates of birth;

    b. false dates of incorporation for sponsoring employers;

*MC 4/24/09*
*TMO*

    c. false alien work experience;

    d. false Federal Employer Identification Numbers (EIN);

    e. false posting notices to support labor certification;

    f. false employer declarations with forged representative employer signature;

17. Law enforcement has been working with a confidential witness ("CW"), who conducted consensually monitored meetings and telephone calls with OJUKWU, GWAMZHI, and others at Immanuel Chambers. The CW posed as an individual who wanted to establish a local furniture business and requested OJUKWU to file an Application for Permanent Employment Certification on behalf of a person who the CW wanted to hire and sponsor for an assistant branch manager position for the CW's furniture business. As explained below, OJUWKWU, GWAMZHI and others knowingly and intentionally registered a fictitious furniture business for the CW and then filed a fraudulent permanent labor certification for the fictitious employee containing false information.

18. The CW conducted several consensually monitored meetings with OJUKWU and GWAMZHI between February and July 2008, at the offices of Immanuel Chambers located at 7515 Annapolis Road, Hyattsville, MD 20784. The meetings between the CW and OJUKWU and/or GWAMZHI always occurred in either Suite 402 or Suite 404. The CW attempted to obtain guidance and expertise in sponsoring one the CW's employees for a permanent labor certification application and registering a business. During one of these meetings, OJUKWU told the CW that he OJUKWU was going to "backdate the existence of the [CW's furniture business]" by approximately six months. Such backdating would give the sponsoring business a veneer of legitimacy because it would have supposedly been in business for a longer period of

*MC 4/24/09*
*TMD*

time.

19.     OJUKWU asked the CW what name the CW wanted to use as the registered agent of the furniture business. The CW agreed to have the registered agent as Immanuel Chambers located at 7515 Annapolis Road, Suite 402, Hyattsville, MD 20784, OJUKWU again stated he wanted to back date the start date of the CW's business. OJUKWU said further that he wanted to "set [the start date of the business] six months ago" and "I want to put in something like June of last year." OJUKWU also told the CW, "when we are filing for anybody you will say you started business 2007."

20.     On June 6, 2008, the CW conducted a consensually monitored meeting with GWAMZHI and OJUKWU at the office of Immanuel Chambers. GWAMZHI told the CW that GWAMZHI was waiting for OJUKWU to give him more information on what to include in a résumé created for the fictitious employee ("Bose Adebowale") that the CW said he wanted to sponsor for his business on a labor certification. During the meeting, GWAMZHI created a fictitious résumé for the fictitious employee, which was completed by the end of the meeting. When GWAMZHI asked the CW if he had an address for the fictitious employee, the CW said he did not. GWAMZHI then responded, "So just assign one," and said "Ajao Road....123 Ajao Road." This address was listed on the labor certification electronically submitted to DOL by the office of Immanuel Chambers for the fictitious employee. GWAMZHI also created a false work address in Nigeria, education, and work experience for the fictitious employee.

21.     According to official records obtained from DOL, an Application for Permanent Employment Certification was electronically submitted on July 14, 2008, by Immanuel Chambers on behalf of "Bose Adebowale" with a sponsoring employer of "L.S. Furnishings."

6

OJUKWU was listed as the preparer of the form. The document said that "L.S. Furnishings" was started in 2007. In fact, OJUKWU was was well aware that the business had not started in 2007. In addition, the document stated that Adebowale completed her education in 1988. This employment history was created entirely by GWAMZHI and OJUKWU.

22. In a consensually monitored telephone conversation between the CW and an Immanuel Chambers employee (C.M.) on July 14, 2008, C.M. said "I am suppose to ask you what year she [Adebowale] graduated, but I've already done something so it's fine."

23. On April 21, 2009, I traveled to the office of Immanuel Chambers LLC, located at 7515 Annapolis Road, Hyattsville, Maryland, Suites 402 and 404. Immanuel Chambers LLC, is still in operation but had a signed posted near suite 404 stating "Kodi Ojukwu & Immanuel Chambers have moved to room 402." Three gold signs remain on the door of suite 404 which displays the following: "404," "Cooper International," and "International Organization for Humanitarian Services."

## IV. AFFIANT'S TRAINING AND EXPERTISE

24. Based on my training and experience, the training and experience of other investigators working on this case, and on the facts described above, I know that it is common for individuals involved in visa fraud to maintain documents and records relating to their personal and business affairs. These documents will show the acquisition, conversion, movement, secretion, transfer, and distribution of currency and other proceeds of visa fraud. It is also common for such persons to maintain financial instruments that are the proceeds of, or facilitating property of, the illegal activity. These documents, records, and financial instruments are often retained for long periods of time in secure and accessible locations, including but not limited to businesses, work spaces,

desks, and file cabinets; office computers and personal communication devices.

25. Given that the fraudulent applications were created on computers, there is probable cause to believe that there will be records or data on personal, business, and office computers that constitute evidence of, fruits of, or instrumentalities of criminal violations.

26. The records and documents created and retained by individuals involved in visa fraud also often include correspondence with co-conspirators; U.S. Postal Service and/or next day carrier services documents and receipts; investor records; contracts; Rolodex files; photographs; appointment books; notes; airline and other travel tickets and receipts; bank accounts records; and financial instruments.

27. Individuals involved in visa fraud create such documents, records, and information by various means, including, but not limited to, computers, printers, telex machines, facsimile machines, and telephones, telephone answering machines, cellular phones, and cameras. These individuals also maintain such documents, records, and information in various forms, including but not limited to, electrical, magnetic, photographic, and tangible.

V. **CONCLUSION**

28. Based on the facts set forth above, your Affiant submits respectfully that there is probable cause to believe that there is presently contained within the properties files, correspondence, memoranda, computers, computer disks, bank and other financial records, and other materials that constitute evidence of, the fruits of, or instrumentalities of criminal violations of, among other statutes, Title 18 United States Code (U.S.C.) §1324(a)(1)(A)(iv) (encouraging unlawful residence),18 U.S.C.§ 2 (aiding and abetting), 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 1001 (false statements), 18 U.S.C. § 1546(a) (labor certification and immigration fraud) and 18 U.S.C.

§ 1341 (wire fraud). Your Affiant respectfully requests that search warrants be issued for the premises as prayed.

29.  Based on the facts set forth above, your Affiant submits respectfully that there is probable cause to believe that OJUKWU and GWAMZHI have violated the federal criminal laws, including but not limited to, 18 U.S.C. § 1546(a) (visa fraud). Your Affiant respectfully requests that arrest warrants be issued for these individuals as prayed.

FURTHER YOUR AFFIANT SAYETH NOT.

Maya Clark
Special Agent
Department of State - Inspector General

Sworn and subscribed to this 24th day of April 2009.

United States Magistrate Judge
District of Maryland
THOMAS M. DIGIROLAMO
U.S. MAGISTRATE JUDGE

9

## ATTACHMENT A

### ITEMS TO BE SEIZED FROM 7515 ANNAPOLIS RD, HYATTSVILLE, MD 20784, SUITE 404 AND SUITE 402

Any and all records and documents relating to the Immanuel Chambers, INC, Immanuel Chambers, LLC, Immanuel Chambers, Cooper International, and the International Organization for Humanitarian Services. Any and all records and documents relating to Kodilinye Ogonna Ojukwu, Ladep Nandang Gwamzhi, and Tushinde Clinton Cooper including but not limited to:

1. Any personal or business bank account records, to include monthly statements, cancelled checks, debit and credit memoranda, deposit slips, wire transfer records and any correspondence.

2. Accounts Receivable and Payable Journals and Ledgers.

3. Records of billings and payments of employer and alien clients.

4. Client files and related correspondence to include copies and/or originals of Alien Labor Certification Applications (Forms ETA-9089), Notices Of Appearance As Attorney Or Representative (Forms G-28) and Petitions for Prospective Immigrant Employee (Forms I-140), and any supporting documentation.

5. Correspondence between Ojukwu, Gwamzhi, Cooper, and/or Immanuel Chambers, INC, Immanuel Chambers, LLC, Immanuel Chambers, Cooper International, and the International Organization for Humanitarian Services.

16

and the Department of Labor, the Immigration and Naturalization Service, the Department of Homeland Security, the Department of State and any state employment commission.

6. Telephone toll call and facsimile machine transmission records.

7. Desk calendars and appointment books of Ojukwu, Gwamzhi, Cooper and support staff of Immanuel Chambers, INC, Immanuel Chambers, LLC, Immanuel Chambers, Cooper International, and the International Organization for Humanitarian Services.

8. Copies of federal and state tax returns of Immanuel Chambers, INC, Immanuel Chambers, LLC, Immanuel Chambers, Cooper International, and the International Organization for Humanitarian Services, Kodilinye Ogonna Ojukwu, Ladep Nandang Gwamzhi, and Tushinde Clinton Cooper and any client businesses.

10 Records of all vehicles titled to Immanuel Chambers, INC, Immanuel Chambers, LLC, Immanuel Chambers, Cooper International, and the International Organization for Humanitarian Services, Kodilinye Ogonna Ojukwu, Ladep Nandang Gwamzhi, and Tushinde Clinton Cooper. Any and all information pertaining to labor certification applications and/or visa petitions that is stored electronically on the business computer or computer media, including but not limited to facsimile machines, hard disk drives, tape storage, floppy diskettes, and removable hard diskettes, laser disks, zip drives including the hardware and software necessary to access such information.

17